Grimke, J.
who tried this case, observed, that he considered it as an important one, involving in, it the power and authority of the justices of the peace, throughout the state, on the one hand; and the personal liberty of the citizen, on the other. That unless magistrates were treated with respect, and their authority supported against high handed offenders, the public peace could not be maintained ; while at the same time he was bound to say, that the liberty of the citizen was one of the primary objects of the laws of our country. To distinguish, therefore, correctly between the abuse of power, and a proper and well-timed exertion of it, would require the good sense and sound discretion of the jury on this occasion. That every man who was taken before a magistrate, was bound to behave himself with respectful deference to his authority, and to submit to his decisions, (until he could have redress, if injured, from higher authority,) and no man was justifiable in flying in the face of the magistrate’s authority, and treating him with contumely and abuse ; even if he was mistaken in his opinion, upon any subject of which he had jurisdiction. That, if magistrates, however, under colour of office, should injure or oppress their fellow citizens, they were liable to be punished in a criminal court for their mis*, conduct.
*4 That as sóon as Duncan was carried before the defendant, it was clearly within his province, to determine whether to bail, or commit him for want of bail. It was also within his province, to determine who was, or was not, a proper person to be accepted as bail; and having done so, it was. the duty of the parties to submit to the defendant’s decision,
With respect to the admission of Duncan, who was the original aggressor, as a witness, he was of opinion, that on strict principles of law, the objection was a good one ; as it was easy to foresee, that it would be enabling and encouraging confederates, in opposition to lawful authority, to swear for each other; yet he thought it better on the whole, to let such witness be sworn and leave his credibility to the jury, than to reject him on the ground of incompetency ; with liberty to defendant to move for a new trial, in case a verdict should be against him.
Duncan was then sworn, and substantially contradicted every thing which had been alleged by the defendant, as a justification for his conduct; after which, the jury retired, and soon after returned into court with a verdict 3/. sterling, for the plaintiff, and costs of suit.
The present was, therefore, a motion to set aside this verdict, and for a judgment of nonsuit, or a new trial.
The grounds taken on this motion, were nearly the same as those taken on the trial of the issue. But it was now further contended on the part of the defendant, 1. That as he acted in his judicial capacity as a justice of the peace, and not in his ministerial one, he was not liable in this action. 2dly. That parol testimony, ought not to have been admitted to contradict the matter contained in the warrant of commitment for the contempt.
The counsel, in support of the motion, on the first ground urged, that there was a wide distinction, between the ministerial, and judicial acts of a magistrate. That in his ministerial acts, in putting the laws in force, against offenders of every description, he was bound to see, that the nature of the charge alleged, was such as the party W3§ liable to be prosecuted for; and that supported by the *5 oath or affidavit of the party injured or aggrieved, or some other reputable person on his behalf; also in causing them to be apprehended and brought forward to answer the charges against them, he was to proceed regularly at his peril: and if any person was injured by him, by any irregular or improper proceedings, he was liable in this special action on the case for damages. But in his judicial capa» city, as a judge, he was liable only by indictment, at the suit of the state; and that too only in cases where he acts corruptly or oppressively. In all these cases he is liable to be punished by the court, according to the nature of the offence. 2 Comyn, 615, 2 Hawk. 85.
In the present case it was said, that the magistrate had been guilty of no irregular conduct, in issuing his warrant, and causing the party accused of the assault to be brought before him ; so far he acted ministerially. When the offender was brought befoi-e him, then his judicial functions commenced, by determining what was to be done with him afterwards ; whether to be bailed, or committed. He, it appears, was of opinion, very properly, that being a bailable offence, he should be admitted to bail; but at the same time, when the plaintiff in this action was offered as surety for Duncan, he was further of opinion, that he was not a proper person to be accepted as security, not having the qualifications requisite by law, to qualify him for being such bail. It was therefore upon the determination of this last point, that the plaintiff got into a passion, and vilified and abused the magistrate. He was therefore most evidently, in the legal exercise of his judicial authority, when this contemptuous behaviour was offered to him, and that too for an opinion which he had but a moment before delivered on the subject. This, therefore, it was contended, brought the defendant within the rule of law laid down in the above authorities ; and totally exempted him from all responsibility, in the present form of action.
It was also urged, in justification of the magistrate, that it was not only lawful and proper for him to exercise the power of commitment, but that there was no other method, *6 sufficiently speedy and effectual, to protect the magisterial authority from the insults and contempts of disorderly men, and that he would have been unworthy of the trust reposed in him by his country, if he had not committed him.
2. Upon the ground of the admission of Duncan as a witness to contradict the warrant of commitment, it was argued, that it was admitting parol or inferior testimony to contradict the written judgment or decision of the magistrate, under his hand and seal; which was the highest evidence the nature of the thing was capable of. That while sitting in his judicial capacity, he constituted an inferior court of competent powers to vindicate his own authority ; and that his proceedings were to be taken and deemed in law as conclusive evidence of what passed before him, touching the contempt offered.
Against the motion, it was urged on behalf of the plaintiff', that if the doctrine contended for by the defendant was. established as the law of the land, that the magistrate’s commitment alone was to be conclusive evidence of contempts, it would put the citizens of the country very much in the power of magistrates, who might deprive them of their liberties without a trial by jury, which was secured to every freeman by magna charta and our own constitution. That such an exercise of power was against another well established maxim of law, that no man should be a judge in his own cause, or determine any point in which he was personally' interested.
The Judges,
after hearing counsel on both sides, and having fully considered this case, were unanimously of opinion on the first ground, that a special action on the case was not a proper remedy. But if thexe had been any just cause of complaint on the part of the plaintiff, it should have been preferred by way of indictment in the court of sessions ; and if he had been convicted of corruption or oppression, in his judicial capacity as a magistrate, it would have been the duty of the court to have punished him, by fine or imprisonment, or both, according to the natui-e of the offence.
a culprit «.& the^aity^ol a. coa" a. competent witness to cr£° mínate the magIstrate*
That it is very evident from the whole complexion of this case, that Mr. Bcntham was acting in his judicial capacity, as a justice of the peace, when this contempt set forth in the commitment was offered to him ; and the law is equally clear, that a justice of tire peace is not answerable in an action for what he does by virtue of his judicial power. 2 Hawk. 85. Carth. 494. 3 Burn, 33.
With regard to the power of a magistrate to commit for insults or contempts offered to him while in the due execution of his office, it is incidental to magisterial authority ; and without such power, he could never vindicate or support the laws, which are intrusted to his management, and over which he has jurisdiction. That a magistrate, sitting in judgment touching a matter within his jurisdiction, constituted a court in law, though an inferior one, and he was bound to protect the authority of such court. And one general principle, incidental to all courts, as well superior as inferior, was a power to commit for contempts, either by word or deed, offered in the presence of the judge, and in the face of such court. And this is not against magna, eharta, or the law of the land, but forms a part of the common law, which is recognised by the terms of our constitution. 5 Vin. tit. Contempts, 447. Lill. Pract. Reg. 305. Gilb. Hist. C. B. 20, 21. 2 Hawk. 96. 112, 113.
The Judges were further of opinion, that Duncan should not have been admitted as a witness on the trial to criminate the magistrate, as he was a party in the complaint then before the justice of the peace ; and it had a tendency, as had been justly observed m the argument, to encourage culprits to confederate together, to destroy the power and authority of the magistrate ; and the more especially, too, as his testimony went to contradict the highest evidence or record of the contempt, set forth in the commitment under the hand and seal of the magistrate.
That with respect to the last ground insisted on by plaintiff against the present motion, that of a man’s not being a judge in his own cause, the maxim was in general a true *8 an¿ legal one, in every private matter in which a justice of' the peace may be interested. But in the present instance, the public peace and good order,was principally concerned; and he did not act in his own private case, but as a public officer in support of the peace, and this forms an exception to the above maxim of law. For it is clearly laid down in *^ie books authority upon this head, that if any con» tempt is shewn to the authority of a magistrate, or insult offered to his face, while in the execution of his office, he may act as a judge in such cause, and commit the offender; though he may proceed less summarily, if he pleases, by in* dictment. The true rule of distinction seems to be this, that where contumelious words are spoken, or other insult is offered to a justice of the peace, and in his presence, he may commit; but when spoken behind his back, he ought to proceed by indictment. 3 Burn, 33. Salk. 698. 3 Mod. 139. 2 Show. 207.
A justice of the peace may he a judge of contempts offered to himself in the ex-offic*011 andIS this is an ex-maxim of law shall n°bemaa mv-ifcaaselus
Verdict set aside and new trial ordered; but the case was , never afterwards brought forward.